UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILLIE C. SPEIGNER, ) | CASE NO. 1:06 CV 974 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, ) | AND ORDER |
| ) | |
| Respondent. ) | |

On April 20, 2006, pro se petitioner Willie C. Speigner filed this action under 28 U.S.C. § 2241 against the United States of America.  Mr. Speigner is a federal prisoner, currently incarcerated in the Federal Correctional Institution in Elkton, Ohio ("FCI-Elkton") for armed bank robbery.  In his petition for a "writ of habeas corpus ad subjiecienddum," petitioner contends that the United States does not have perfected security interest in him and therefore lacks authority to continue to hold him against his will.  (Pet. at 1.)  He seeks an Order from this court requiring the United States to "discharge and disincarcerate" him.  (Pet. at 3.)

### *Background*

Mr. Speigner claims that he has copyrighted himself and has made himself private property.  (Pet. Ex. A).  He further alleges that he drafted a security agreement which lists him as the debtor, the creditor and the copyrighted property.  He contends that this security agreement

makes him a secured party and gives him the exclusive right to possess his physical person. Mr. Speigner sent a "Constructive Notice" to Assistant United States Attorney Thomas Karol, who prosecuted the criminal action leading to his conviction, telling Mr. Karol that he had deprived "the secured party" (Mr. Speigner) of his possessory interest in "the property" by sending him to prison and was required to either return his "property" by way of releasing him from prison, or pay damages in the amount of $7,500,000.00. This Notice contained a provision indicating that Mr. Karol would stipulate to judgment for these damages if he did not "refute and/or rebut, point for point, every issue contained in this confession by producing prima facie evidence to the contrary." (Pet. Ex. D.) Mr. Speigner indicates that when Mr. Karol did not respond to this "Notice," it became a binding agreement which could be enforced by the court. Mr. Speigner asks that he be immediately released from prison, and that the damages contained in the Notice be assessed against the United States.

## *Analysis*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)). Federal prisoners contesting the validity of their convictions or sentences must pursue relief under 28 U.S.C. § 2255. Id. Mr. Speigner, however, is not challenging either his conviction or the execution of his sentence. Instead, he seeks release from prison based on documents he created in reliance on his rather tenuous interpretation of the Uniform Commercial Code.

Principles requiring generous construction of pro se pleadings are not without limits.

-2-

See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some *viable* legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278; see Wells, 891 F.2d at 594. Even liberally construed, the complaint does not state a viable federal legal claim upon which Mr. Speigner is entitled to release from prison

### *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Dated: 6/14/06

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.